NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN E., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ENTERTAINMENT INDUSTRY FLEX PLAN, <br><br> Defendant-Appellee, <br><br> and <br><br> ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, <br><br> Defendant. | No. 19-55131 <br><br> D.C. No. 2:18-cv-03646-MWF-AS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted May 7, 2020
Pasadena, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and HELLERSTEIN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff-Appellant Ryan E. appeals from the decision of the district court, following a bench trial, upholding the denial of medical benefits to his minor son, Corbyn, by Defendant-Appellee Entertainment Industry Flex Plan (the "Plan"), a plan subject to the Employee Retirement Insurance Security Act of 1974 ("ERISA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Familiarity with the facts and procedural history of this case is assumed. For the reasons that follow, we remand for further development of the record.

After Corbyn was diagnosed with a rare health condition known as Pediatric Autoimmune Neuropsychiatric Syndrome ("PANS"), his treating physician, after other attempted treatments failed, requested treatment with Intravenous Immunoglobin ("IVIG"). The Plan reviewed the claim, determined that IVIG was not "medically necessary," as that term is defined in the Plan's operative documents, and denied coverage.

The Plan documents confer "sole and absolute discretion" to administer the Plan on a Board of Trustees, authorize the Board to delegate this discretion to other fiduciaries, and, acting on this authority, provide for the transfer of discretion from the Board to a claims administrator, Anthem Blue Cross Life and Health Insurance Company ("Anthem"). The letters communicating the denial of Corbyn's claim, and rejecting the appeals therefrom, all indicate that Corbyn's request for IVIG treatment was reviewed by Anthem UM Services, Inc. ("Anthem UM") and that

2

Anthem UM provides "utilization review services on behalf of" Anthem.[1] The letters denying Corbyn's request for coverage and later denying Corbyn's first appeal were written on Anthem UM letterhead; the letter denying Corbyn's second appeal was written on Anthem letterhead. These letters, taken together, suggest that the review of Corbyn's claim for coverage was undertaken by employees of both Anthem and Anthem UM, along with a number of other outside medical consultants. *See, e.g.,* Excerpts of Record ("ER") 688 (noting that Anthem UM's "Medical Reviewer" made the decision to deny coverage), 709 ("The reviewers included a consultant outside Anthem"), 881 ("The reviewers included . . . an Anthem Medical Director who is board certified in Family Medicine . . .").

Following the denial of his second appeal, Ryan E. filed suit in federal court, seeking to overturn the Plan's decision. Ryan E. argued, *inter alia*, that the district court should review the denial *de novo* because (1) although the Plan documents may have conferred discretion on the Plan's Board of Trustees and Anthem, no such discretion was given to Anthem UM; and (2) it was Anthem UM that made the actual decision to deny Corbyn coverage. The district court rejected this argument, reviewed the denial deferentially, and upheld the coverage denial.

---

[1] Public filings indicate that Anthem and Anthem UM are both subsidiaries of the same parent, Anthem, Inc. *See* Anthem, Inc., Annual Report (Form 10-K) for Fiscal Year Ended Dec. 31, 2019, Ex. 21, https://www.sec.gov/Archives/edgar/data/1156039/000115603920000003/exhibit21-20191231for1.htm.

We review *de novo* a district court's choice and application of the standard of review to decisions made by ERISA fiduciaries. *See Pannebecker v. Liberty Life Assur. Co. of Bos.*, 542 F.3d 1213, 1217 (9th Cir. 2008). By default, "review of denial of ERISA benefits is *de novo*," but when the plan "expressly and unambiguously gives the administrator discretion to determine eligibility … we review the administrator's decision for abuse of discretion." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673 (9th Cir. 2011) (citing, *inter alia*, *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). When, as here, the plan clearly bestows discretion on a fiduciary, but an entity other than the identified fiduciary makes the coverage decision, the question becomes whether the deciding entity was properly vested with discretion. *See Shane v. Albertson's Inc.*, 504 F.3d 1166, 1170 (9th Cir. 2007). If discretion was properly delegated to the deciding entity pursuant to the plan provisions, deferential review is owed. *See Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1283-84 (9th Cir. 1990). But if, on the other hand, the entity "was not properly vested with such discretion, its decision . . . would not be subject to the deferential standard of review of abuse of discretion." *Shane*, 504 F.3d at 1170.

In the case before us, the district court upheld the denial of coverage using an abuse of discretion standard. But in so doing, the court's opinion leaves us unsure of whether it found that (1) Anthem, the company with fiduciary

4

responsibility delegated under the Plan, made the decision to deny coverage with assistance from Anthem UM; or (2) Anthem UM, acting as Anthem's agent, made the decision on Anthem's behalf. The following four excerpts of the district court illustrate the basis of our confusion:

> 1. "The appeal denial was made by . . . Anthem's Medical Director." *See* ER at 13.

> 2. "The [Plan] . . . invests Anthem with discretionary authority to determine eligibility for benefits and Anthem has properly exercised this discretion with the help of its affiliate, Anthem UM." *Id*. at 19.

> 3. "The denial determination was made by Anthem UM's medical reviewer." *Id.* at 11.

> 4. "Plaintiff disputes the propriety of having Anthem UM act as Anthem's agent and make certain decisions on behalf of Anthem." *Id*. at 18.

Without clarification, the standard of review to be properly applied by the district court is unclear. If Anthem, the authorized delegee of fiduciary discretion, made the ultimate coverage decision, with possible help from Anthem UM, a deferential standard might be appropriate. If Anthem UM made the decision, the standard of review might be *de novo*. Anthem UM could be considered the agent of Anthem, and there is a question of whether the delegee of fiduciary responsibility can sub-delegate to another, even to an agent, without contractual authorization and still be entitled to deference. While we have previously held in other narrowly defined circumstances that common law agency principles may apply in the ERISA context, *see, e.g.*, *Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934,

5

940-41 (9th Cir. 2017) (noting that the Supreme Court has "left open the opportunity for federal courts to apply agency law in the ERISA context as a matter of federal common law," and using agency principles to attribute knowledge concerning plan administration from an agent-employer to a principal-insurer), we are not aware of any case in which we have considered the applicability or effect of agency principles on the standard of review applicable to delegations of discretionary decision-making authority by an ERISA fiduciary to an agent.

Accordingly, we remand for further proceedings. On remand, the district court is instructed to clarify the record with respect to (1) the nature of the relationship between Anthem and Anthem UM; (2) the roles of the various agents and employees of each company in making the coverage determination; and (3) the expectation of the parties, if any, when delegating administrative responsibilities to Anthem, as to whether Anthem would act on its own or through an agent or affiliate.

**VACATED and REMANDED.**